UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA VERRET | CIVIL ACTION |
| VERSUS | NO. 13-5596 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "I" (2) |

### ORDER AND REASONS ON MOTION

Defendant State Farm's Motion for Protective Order, Record Doc. No. 14, is pending before me in this matter. Plaintiff filed a timely opposition memorandum. Record Doc. No. 17. Having considered the record, the applicable law and the written submissions of counsel, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART, subject to the orders contained herein.

As an initial matter, I note that plaintiff instituted her document discovery by submitting an unreasonably large and unduly burdensome set of 101 separate Rule 34 requests for production that exceeded the limits on discovery set forth in Fed. R. Civ. P. 26(b)(C)(2). After a conference conducted by the presiding district judge, Record Doc. No. 13, plaintiff prudently withdrew more than half of her requests, leaving a more manageable but still excessive 46 requests. State Farm then responded by filing this motion for a protective order, followed two weeks later by its written responses and/or objections to the remaining requests for production, which continue to be identified by the 101 numbers originally assigned to each by plaintiff.

Fed. R. Civ. P. 26(c)(1) governs motions for protective orders. The Rule provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order . . . The court <u>may</u>, <u>for good cause</u>, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, . . . for the . . . discovery."

The requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a <u>particular and specific</u> demonstration of fact as distinguished from stereotyped and conclusory statements.'" <u>In re Terra Int'l, Inc.</u>, 134 F.3d 302, 306 (5th Cir. 1998) (quoting <u>United States v. Garrett</u>, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)(emphasis added)); <u>see</u> <u>United States v. Talco Contractors, Inc.</u>, 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

Some portions of State Farm's motion papers seek the kind of sweeping, overly broad and non-specific relief that is unsupported by any "particular and specific demonstration of fact," as required in <u>Terra</u>. Thus, the motion is denied insofar as it seeks an overly sweeping order of the sort State Farm suggests "limiting Plaintiff's discovery and ruling that State Farm need not provide any further documents in response to Plaintiff's Requests for Production." Record Doc. No. 14-1 at p. 12. Instead, the court limits its consideration of relief only to those particular requests for production which State Farm's

motion papers identify specifically as suffering from some sort of objectionable problem from which State Farm should be protected as follows.

The motion is granted as to Request for Production No. 1. The current response is sufficient, and no further response or production is required.

The motion is granted in part and denied in part as to Requests for Production Nos. 2 and 3 because the current written responses, while providing some appropriately responsive information, are also vague and evasive in other respects and fail properly to assert privilege and/or work product objections. Specifically, State Farm's objection to use of the terms "claims investigation file" and "entire claim files" is sustained and its explanation that it does not maintain such files is appropriate. However, its response that "[e]lectronic information regarding the [subject] claim is stored in the Enterprise Claim System, a web based system that State Farm associates use during the contract claim handling process," when coupled with the later references only to certain Bates-labeled hard copy documents it has produced and its "Rule 26 disclosures" is confusing and therefore inadequate for two reasons.

First, only materials that "support" a party's claims or defenses need be disclosed. Fed. R. Civ. P. 26(a)(A)(ii). Discovery is broader than disclosure and requires the production of non-privileged responsive materials, regardless whether they support or undermine a party's position. Second, the current responses do not indicate whether electronically stored information ("ESI") regarding plaintiff's claim of the type described

3

in the response has also been produced in a reasonably useable form. Fed. R. Civ. P. 34(b)(2)(E). In these circumstances, neither plaintiff nor the court can be assured that State Farm has fully responded to these requests for materials concerning the subject claim. Thus, State Farm must provide new written responses to these requests, clearly stating without objection, that it has produced <u>all</u> <u>non</u>-privileged responsive documents <u>and</u> ESI concerning plaintiff's insurance claim that is the subject of this lawsuit and identifying those materials by Bates number or other marker sufficient for plaintiff to locate them.

In addition, State Farm's assertion of privilege and/or work product as objections in its responses to Requests Nos. 2 and 3 is deficient. Its motion is denied as to those objections for the following reasons that also apply to its other responses in which it has made the same kinds of objections.

Determination of the propriety of privilege and/or work product objections to discovery requests is a two-step process. First, the party asserting privilege or work product as a basis for withholding materials from production in discovery must <u>properly assert</u> the objection. Proper assertion of these objections to Rule 34 requests for production is itself a two-step process.

Initially, the objection must be made in the Rule 34 written response. Fed. R. Civ. P. 34(b)(2(B) and (C). State Farm has accomplished this initial step sufficiently, with one exception. Part of its written responses is that it "objects to the production of materials drafted and/or prepared after the date State Farm reasonably anticipated the filing of this

litigation." Record Doc. No. 17-6 at pp. 3-4. This objection is overruled because "[e]stablishing that a document was prepared <u>after</u> litigation was commenced is <u>in</u>sufficient to prove that the document was prepared in anticipation of litigation. . . . What is crucial is that 'the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" <u>Robinson v. Tex. Auto. Dealers Ass'n</u>, 214 F.R.D. 432, 449 (E.D. Tex. 2003) (quoting <u>In re Kaiser Alum.</u>, 214 F.3d at 593) (emphasis added), <u>rev'd on other grounds</u>, 2003 WL 21911333 (5th Cir. July 25, 2003); <u>accord</u> <u>Global Oil Tools, Inc. v. Barnhill</u>, No. 12-1507, 2013 WL 1344622, at *6 (E.D. La. Apr. 3, 2013); <u>Guzzino v. Felterman</u>, 174 F.R.D. 59, 63 (W.D. La. 1997); <u>Blockbuster Entm't Corp. v. McComb Video, Inc.</u>, 145 F.R.D. 402, 404 (M.D. La. 1992). Thus, for example, documents prepared after litigation is commenced are <u>not</u> protected by the work product doctrine if the primary motivation behind their preparation was to serve ordinary business purposes, as opposed to aiding in litigation.

Second, proper assertion of these objections to a Rule 34 request for production also requires provision of a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A). A proper privilege log must "describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5)(A). "The purpose of the privilege log is to provide

the parties and the court adequate information to determine whether a document is privileged . . . . Typically, a privilege log must identify each document and provide basic information, including the author, recipient, date and general nature of the document." In re Papst Licensing, GmbH Patent Litig.. C.A. MDL 1298, 2001 WL 1135268, at *2 (E.D. La. Sept. 19, 2001) (Sear, J.) (citing Securities &Exch. Comm'n v. Thrasher, C.A. No. 92-6987, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996)(citing United States v. Construction Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996)).

It appears that the only privilege log produced by State Farm to date [and certainly the only one provided to me in connection with this motion] is the log it provided in connection with its initial disclosures. These are insufficient for present purposes for two reasons. First, I again note that only materials that "support" a party's claims or defenses need be disclosed. Fed. R. Civ. P. 26(a)(1)(A)(ii). Discovery is broader than disclosure and requires the production of responsive materials, regardless whether they support or undermine a party's position. Thus, neither plaintiff nor the court can be assured that the current privilege log describes all materials being withheld from production in response to Requests Nos. 2 and 3 on privilege or work product grounds.

Second, I find that the privilege logs provided to plaintiff by State Farm with its initial disclosures are themselves deficient. Specifically, the log entries that identify only State Farm in the "author" column fail to name any person(s) as authors and/or transmitters and/or recipients of the documents. They also fail to identify any person who may have

6

been the recipient of or who had access to the materials. In addition, the current vague descriptions of these documents as "service record," "activity log," "note" and "document list" are insufficiently detailed and provide <u>no</u> support for any argument and <u>no</u> indication whatsoever that these materials are in any way privileged communications or work product prepared "in anticipation of litigation or for trial" or reflecting "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation," Fed. R. Civ. P. 26(b)(3)(A) and (B), as opposed to materials prepared for ordinary business purposes, like claims adjusting or claims investigation.

For the foregoing reasons, State Farm has not properly asserted these objections. Accordingly, **IT IS ORDERED** that State Farm must <u>either</u> (a) remove these items from its privilege logs and produce them, <u>or</u> (b) provide a proper privilege log that identifies the items being withheld from production in response to Requests Nos. 2 and 3 by (a) identifying by name, job title and function the person(s) who drafted and/or transmitted each document, and the person(s) to whom each item was transmitted and/or who has or had access to each item, and (b) providing a description that adequately explains why each item might be work product or otherwise privileged.

Even if State Farm properly asserts these objections as ordered above, it still will not have definitively established that the materials need not ultimately be produced in response to these requests. Parties resisting discovery bear the burden of <u>proof</u> to demonstrate the existence of any privilege in the materials, including application of the work product

7

doctrine. United States v. Newell, 315 F.3d 510, 525 (5th Cir. 2002); In re Santa Fe Int'l Corp., 272 F.3d 705, 710 (5th Cir. 2001); Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 721 (5th Cir. 1985); Ingraham v. Planet Beach Franchising Corp., No. 07-3555, 2009 WL 1076717, at *1 (E.D. La. Apr. 17, 2009) (Berrigan, J.); Kiln Underwriting Ltd. v. Jesuit High Sch., No. 06-04350, 2008 WL 108787, at *4-5 (E.D. La. Jan. 9, 2008) (Roby, M.J.) (citing Hodges, 768 F.2d at 721); United States v. Impastato, No. 05-325, 2007 WL 2463310, at *2 (E.D. La. Aug. 28, 2007) (Duval, J.) (citing United States v. Harrelson, 754 F.2d 1153, 1167 (5th Cir. 1985); United States v. Kelly, 569 F.2d 928, 938 (5th Cir. 1978)). This is an evidentiary burden, and no evidence of any kind has been submitted by State Farm to establish that the withheld materials were in fact prepared in anticipation of litigation or for trial preparation or otherwise constitute work product or privileged communications that may be withheld from discovery.

> Once the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, the proponent must substantiate all actual assertions about the claim. This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts. . . . To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

8

P. Rice, Attorney-Client Privilege in the United States § 11:10 at 977-80 (Lawyers Cooperative 1993) (emphasis added).

At this stage, State Farm has submitted no proof of any kind in support of its work product or privilege claims, especially concerning the essential question of the primary purpose of its preparation of any withheld materials on work product grounds; e.g. anticipation of litigation or to assist counsel in trial preparation, as opposed to some other non-protected purpose, such as claims adjusting or investigation, ordinary course of business, etc. To date, State Farm has not only failed properly to assert these objections, it has offered only the unsubstantiated argument of its counsel that the materials are work product. Proof is required ultimately to determine if the withheld materials are work product, Rule 26(b)(3) materials or otherwise protectable from discovery. Thus, the motion is denied to whatever extent that it seeks a protective order foreclosing the possibility of future discovery of these materials at this time.

The motion is granted in part and denied in part as to Requests for Production Nos. 4 and 6. These requests seek materials that are relevant and/or reasonably calculated to lead to the discovery of admissible evidence as to plaintiff's bad faith claims. Record Doc. No. 1 (Complaint at ¶'s IX, XII, XIII(c) and XVI). The burdensomeness objection is unsubstantiated and overruled. However, the requested time period covering five years is overly broad. While there is some merit in State Farm's objections as to the confidential commercial and/or proprietary nature of these materials, these concerns are appropriately

9

addressed not by prohibiting this discovery, but by making production subject to an appropriate protective order. Fed. R. Civ. P. 26(c)(1)(G).

Accordingly, the motion is denied in that State Farm must produce all materials responsive to these requests, but limited to the time period 2012, the year when the alleged losses resulting from Hurricane Isaac occurred, to the present. The motion is granted as to these requests in that **IT IS ORDERED** that all records produced by State Farm in response to Requests Nos. 4 and 6 shall be subject to the following protective order: All materials produced in response to these requests must be marked and kept confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation, the parties' counsel of record and expert witnesses retained to testify in connection with this litigation concerning plaintiff's bad faith adjusting claims. All persons to whom such materials are disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of this protective order and submitting to the jurisdiction of this court for enforcement of those terms. If State Farm seeks to add other terms to this protective order, counsel must confer immediately and submit by motion any more extensive proposed protective order.

The motion is granted as to Requests for Production Nos. 5 and 7, which are unreasonably duplicative and cumulative of Requests Nos. 4 and 6. Fed. R. Civ. P. 26(b)(2)(C)(i). No further response or production in response to these requests need be made.

The motion is granted as to Requests for Production Nos. 17, 18, 42, 45, 46, 47, 56 and 101. It is entirely unclear how these overly broad requests might seek materials that are relevant and/or reasonably calculated to lead to the discovery of admissible evidence as to the parties' claims or defenses in this case. Even if some subset of the requested materials is somehow tangentially relevant to the subject matter of this lawsuit, I discern no "good cause" as required by Fed. R. Civ. 26(b)(1) to expand the scope of discovery beyond claims and defenses to subject matter in this case, and the burden of these requests outweighs their likely benefit to resolving the issues in this garden variety homeowners insurance claim, considering the factors in Fed. R. Civ. P. 26(b)(2)(C)(iii).

The motion is denied as to Request for Production No. 43 for reasons similar to those discussed above in connection with Requests Nos. 2 and 3. State Farm's current written response is evasive and its privilege log is insufficient as to this request. No evidence to establish the alleged privileged or work product nature of any "activity log" has been presented. State Farm must provide a new written response to this request clearly stating that all non-privileged responsive materials have been produced and attaching a new privilege log that complies with the identification and description requirements discussed above identifying all materials it is withholding from production in response to this request on privilege or work product grounds.

The motion is granted in part and denied in part as to Requests for Production Nos. 53 and 58. These requests seek materials that are relevant and/or reasonably calculated to

11

lead to the discovery of admissible evidence as to plaintiff's bad faith claims. All objections except as to privacy and confidentiality are overruled. While there is some merit in State Farm's objections as to the privacy interests of the subject individuals and the confidential commercial nature of some of these materials, these concerns are appropriately addressed not by prohibiting this discovery, but by making production subject to the same protective order set out above.  State Farm must provide new written responses to these requests clearly stating, without objection,  that it has produced all materials responsive to these requests that are in its possession, custody or control, subject to the protective order concerning confidentiality set out above.

The motion is granted as to Requests for Production Nos. 54 and 68, which are overly broad and seek much that is unreasonably cumulative and duplicative of other requests.  No further responses or production concerning these requests need be made.

The motion is granted as to Requests for Production Nos. 64 and 65, which are unreasonably duplicative and cumulative of Request No. 43. Fed. R. Civ. P. 26(b)(2)(C)(i). No further response or production in response to these requests need be made.

The supplemental privilege logs and additional written responses to plaintiff's requests for production, together with the actual production of additional responsive non-

privileged materials, if any, ordered herein must be provided by State Farm to plaintiff no later than **February 19, 2014**.

          New Orleans, Louisiana, this \_\_\_\_5th\_\_\_\_ day of February, 2014.

                                   JOSEPH C. WILKINSON, JR.
                                   UNITED STATES MAGISTRATE JUDGE