UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LINDA VERRET**     **CIVIL ACTION**

**VERSUS**     **No. 13-5596**

**STATE FARM FIRE AND CASUALTY COMPANY**     **SECTION I**

**ORDER AND REASONS**

Before the Court is a motion[1] by defendant, State Farm Fire and Casualty Company, to exclude the testimony of plaintiff's proposed expert, Daniel Hogan, on the basis that his report and proposed testimony are inconsistent with Rule 26[2] and Rule 702[3] of the Federal Rules of Civil Procedure. Plaintiff has filed an opposition,[4] to which defendant has filed a reply.[5]

Defendant also contends that Hogan should be precluded from testifying as to whether defendant adjusted plaintiff's claim in bad faith because such a determination is a legal conclusion.[6] Plaintiff agrees that Hogan will not testify as to bad faith, but rather as to repair costs, and this portion of the motion is **GRANTED** without opposition.[7] Moreover, because plaintiff concedes that Hogan is not being offered as an expert in causation,[8] the portion of the motion challenging his potential expert testimony as to causation is **GRANTED** without opposition.

---

[1] R. Doc. No. 41.
[2] R. Doc. No. 41-1, at 19.
[3] R. Doc. No. 41-1, at 2, 16.
[4] R. Doc. No. 53.
[5] R. Doc. No. 57.
[6] R. Doc. No. 41-1, at 18.
[7] R. Doc. No. 53-1, at 14.
[8] R. Doc. No. 53-1, at 9.

**I. Rule 26 Requirements**

Rule 26(a)(2)(B) requires the production of an expert report consistent with certain requirements when "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." The parties dispute whether Hogan falls within the definition of a retained expert pursuant to Rule 26.

Defendant contends that Hogan was "specifically retained by the Plaintiff for the purpose of providing expert opinions in connection with her claim for additional insurance proceeds and in anticipation of the instant litigation."[9]

Plaintiff contends that Hogan was hired "to perform a task that did not involve litigation or testifying as an expert."[10] More specifically, plaintiff contends that, rather than being a retained expert, Hogan is a non-retained expert who was an "actor or viewer with respect to transactions or occurrences" forming the basis of plaintiff's lawsuit.[11] *Beechgrove Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating & Air-Conditioning, Inc.*, No. 07-8446, 2009 WL 981724, at *4 (E.D. La. Apr. 9, 2009) (quoting Fed. R. Civ. P. 26 advisory committee's note to the 1970 Amendment). As such, plaintiff argues, Hogan is analogous to a treating physician.[12] Plaintiff does not argue in the alternative that either of Hogan's reports complies with Rule 26(a)(2)(B).[13]

"Courts have considered insurance adjustors hybrid fact/expert witnesses under Rule 26(a)(2)(A), who may provide opinion testimony at trial, without generating a signed, written report

---

[9]R. Doc. No. 41-1, at 19.
[10]R. Doc. No. 53-1, at 8.
[11]R. Doc. No. 53-1, at 8.
[12]R. Doc. No. 53-1, at 7.
[13]*See, e.g.*, R. Doc. No. 53-1, at 15.

pursuant to Rule 26(a)(2)(B) because they were actual participants prior to litigation, they do not receiv[e] additional compensation for their testimony at trial, their opinions regarding the costs of repair and replacement are part of the 'normal insurance adjustment process' and were not given at the request of counsel, and []their opinions are not based upon any facts, information or documents generat[ed] by the subsequent litigation." *Pendarvis v. Am. Bankers Ins. Co. of Fla.*, No. 06-772, 2008 WL 8715813, at *3 (M.D. La. Jan. 24, 2008) (citing *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, No. 05-2115, 2007 WL 1589495, at *11 (D.D.C. June 1, 2007)); *see also United States v. Sierra Pac. Indus.*, No. 09-2445, 2011 WL 2119078, at *4 (E.D. Cal. May 26, 2011) ("The distinguishing characteristic between expert opinions that require a report and those that do not is whether the opinion is based on information the expert witness acquired through percipient observations or whether, as in the case of retained experts, the opinion is based on information provided by others or in a manner other than by being a percipient witness to the events in issue."); *Smith v. Jacobs Eng'g Grp.*, No. 04-496, 2008 WL 2781149, at *2 (N.D. Fla. Apr. 18, 2008) ("A damages assessment completed by an insurance adjuster days after an accident is not unlike the diagnosis of a physician treating an injured person.").[14]

Here, Hogan's estimate was prepared months before the case was filed,[15] but defendant has suggested that Hogan and plaintiff's counsel share the same Louisiana address, as memorialized on the contract between plaintiff and Hogan dated October 24, 2012.[16] The significance, if any, of the

---

[14] The Court finds the factors summarized by the plaintiff in *St. Paul Mercury* to be worthy of consideration. *See* 2007 WL 1589495, at *11.

[15] Plaintiff's alleged loss occurred on August 29, 2012, Hogan inspected plaintiff's property on October 24, 2012, and his estimate is dated October 31, 2012. R. Doc. No. 41-9, at 9-10. Plaintiff's demand letter is dated May 31, 2013. R. Doc. No. 41-9, at 1. The case was filed on August 28, 2013. R. Doc. No. 1. A revised report was provided to defendant on April 14, 2014. R. Doc. No. 57, at 6.

[16] R. Doc. No. 57, at 8.

shared address, as well as any other relevant matters, may be explored at trial. Accordingly, the Court defers until trial a finding as to whether Hogan is a non-retained expert exempt from the Rule 26(a)(2)(B) reporting requirements.

If the Court concludes that Hogan is a retained expert, his testimony will be excluded. Plaintiff has emphasized that Hogan was hired as a non-retained expert such that no Rule 26(a)(2)(B) report is necessary,[17] and any contrary position has been waived. Plaintiff will not be permitted to prejudice defendant by switching course at trial. *See Beechgrove*, 2009 WL 981724, at *6, 7 n.5.

If the Court concludes that Hogan is a non-retained expert, certain limitations will apply. Hogan may only testify as to his "participation in the events at issue in this trial."[18] *Id.* at *7. "In other words, [Hogan] may testify as a fact witness as to his role in performing the damages calculation that was part of his job as an insurance adjuster for Plaintiff with respect to the incident at issue." *St. Paul Mercury Ins.*, 2007 WL 1589495, at *13. "However, [Hogan] may not offer his independent opinions regarding causation, or damages assessments made either after litigation commenced or independent of his assessment of damages as a function of his job as an insurance adjuster." *Id.*

---

[17]R. Doc. No. 53-1, at 7-8.
[18]Defendant acknowledges that "[a] public adjuster's duties include (*inter alia*) a proper and thorough investigation of the claim and accurately scoping the covered loss." R. Doc. No. 57, at 3 n.7.

 **II. Rule 702 Requirements**

Defendant argues that Hogan's testimony should be excluded pursuant to Rule 702 of the Federal Rules of Civil Procedure because the completion of repairs renders Hogan's testimony irrelevant, Hogan employed flawed methodologies, and Hogan's report is "riddled with errors."[19]

**A. Standard of Law**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir. 2006). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"To qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'" *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992)). Additionally, Rule 702 states that an expert may be qualified based on "knowledge, skill, experience, training, or education." *Hicks*, 389 F.3d at 524;

---

[19]R. Doc. No. 41-1, at 2, 16.

*see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (discussing witnesses whose expertise is based purely on experience). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)). However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.*; *see Daubert*, 509 U.S. at 596.

The U.S. Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *see Kumho Tire*, 526 U.S. at 147.

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *see Runnels v. Tex. Children's Hosp. Select Plan*, 167 F. App'x 377, 381 (5th Cir. 2006) ("[A] trial judge has 'considerable leeway' in determining 'how to test an expert's

reliability.'"). "Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under [Rule] 702." *Munoz v. Orr*, 200 F.3d 291, 301 (5th Cir. 2000).

With respect to determining the relevancy of an expert's testimony pursuant to Rule 702 and *Daubert*, the proposed testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). "There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." *Vogler v. Blackmore*, 352 F.3d 150, 156 n.5 (5th Cir. 2003) (quoting Fed. R. Evid. 702 advisory committee's note).

**B. Analysis**

Defendant argues that Hogan's estimate as to roof repair costs is irrelevant because plaintiff has already incurred an actual cost in completing such repairs.[20] Plaintiff asserts that Hogan's estimate as to roof repairs included skylight repairs and that, in any event, Hogan's estimate as to the cost to replace a roof was less than what plaintiff actually paid.[21]

The Court cannot determine from the briefing whether the skylight has been repaired. Accordingly, the Court defers ruling on the admissibility of estimated repair costs for the skylight. If repairs are, in fact, complete, Louisiana law is clear: "Damages may be predicated on the basis

---

[20]R. Doc. No. 41-1, at 16-17. Defendant also maintains its argument that the roof replacement was unnecessary. *Id.* at 17.
[21]R. Doc. No. 53-1, at 14. The relevance of the latter argument is unclear.

-7-

of estimates only when the loss has not been repaired. If the damaged property has been restored to its former condition by repair, the proper basis for assessing the damage is the repair bill.'" *LaCroix v. State Farm Fire & Cas. Co.*, No. 09-0609, 2010 WL 2265577, at *4 (E.D. La. June 2, 2010) (quoting *Volkswagen of Am., Inc. v. Robertson*, 713 F.2d 1151, 1169 (5th Cir. 1983)). Hogan may not testify as to the estimated costs of repairs that have already been completed.

Defendant's other attacks on Hogan's methodology and conclusions, including the assertion that his estimate is "riddled with errors," can be addressed through cross examination.[22] *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED IN PART** without opposition. Hogan may not testify as to causation or as to whether defendant acted in bad faith.

**IT IS FURTHER ORDERED** that the Court **DEFERS** ruling as to whether Hogan is a retained expert such that the requirements set forth in Rule 26(a)(2)(B) apply. The Court also **DEFERS** ruling as to whether repair costs for the skylight are admissible.

**IT IS FURTHER ORDERED** that the motion is **DENIED** in all other respects.

---

[22]*See, e.g.*, R. Doc. No. 41-1, at 17 ("Hogan . . . admitted to over scoping the right elevation siding and including excessive charges for painting the interior.").

**IT IS FURTHER ORDERED** that on or before **Monday, April 28, 2014**, defendant may file a separate motion to exclude Hogan's revised report, which defendant contends was first produced on April 14, 2014.[23] Plaintiff shall file a response on or before **Friday, May 2, 2014**, at which time the motion will be taken under advisement without oral argument.

New Orleans, Louisiana, April 23, 2014.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**LANCE M. AFRICK**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[23]*See* R. Doc. No. 57, at 6 nn. 15, 17.